UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY THOMAS BROWN,<br>Plaintiff, | § § § | |
| v. | § | C.A. No. C-06-162 |
| | § | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION<br>Defendant. | § § § § | |

### MEMORANDUM OPINION AND ORDER TO REMAND

On October 27, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 23). Objections by the plaintiff were timely filed on November 6, 2006. (D.E. 24). Having reviewed de novo the pleadings, evidence, and objections, the Court remands this case to the Administrative Law Judge ("ALJ") for reconsideration consistent with this opinion.

Judicial review of the Commissioner's decision regarding a claimant's entitlement to disability benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d. 131, 135 (5th Cir. 2000).

Plaintiff objects to the Commissioner's use of proper legal standards to evaluate the evidence. Specifically, plaintiff asserts that the Commissioner failed to give proper weight and consideration to the opinions of his treating physician as required by 20 C.F.R. § 404.1527(d). The Court agrees.

Under the Social Security Administration regulations, the opinion of a treating physician familiar with the claimant's impairments and treatments should be accorded great weight in

1

determining disability. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); 20 C.F.R. § 1527. If the treating physician's opinion on the nature and severity of a patient's impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, the ALJ is supposed to give it controlling weight. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (applying 20 C.F.R.§ 404.1527(d)(2)).

The ALJ can decrease reliance on a treating physician's testimony for good cause, which includes statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques or otherwise unsupported by evidence. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). However, if there is no reliable medical evidence from another physician controverting the claimant's treating specialist, an ALJ can reject the opinion only if the ALJ performs a detailed analysis of the treating physician's views under 20 C.F.R.§ 404.1527(d)(2). *Newton*, 209 F.3d at 453 (holding that an ALJ is required to consider each of the § 404.1527(d)(2) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion). This means the ALJ must address and analyze the following factors: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the support of the physician's opinion afforded by the medical evidence of record, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating physician. *Id.* at 455–456; 20 C.F.R. § 404.1527 (d)(2). Additionally, if the ALJ determines that the treating physician's findings are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in

accordance with 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 455–456.

Here, plaintiff contends that the ALJ failed to properly credit the opinions of his treating physician regarding his physical limitations. Dr. John M. Borkowski ("Dr. Borkowski"), who focuses primarily on adult spine surgery, has been the plaintiff's treating physician since 2002. Dr. Borkowski performed multiple surgeries on plaintiff and evaluated plaintiff on numerous occasions during the relevant period. (D.E. 11, Tr. 120–61, 181–209 ). Dr. Borkowski gave his opinion that plaintiff suffered from cervical myelopathy and spinal cord ischemia. (D.E. 11, Tr. 120). Dr. Borkowski believed that the plaintiff had a permanent spinal condition and that permitting him to return to work would create an unsafe risk for further injury. (D.E. 11, Tr. 120).

The ALJ found that the objective medical evidence did not demonstrate that the plaintiff was prevented from performing all types of work activity. (D.E. 11, Tr. 13). Had the ALJ given Dr. Borkowski's opinion controlling weight, he would have found plaintiff disabled. (D.E. 11, Tr. 120). Instead, he found that plaintiff was able to do a significant range of light work. (D.E. 11, Tr. 17); *See* 20 C.F.R. § 404.1567(a)–(b).

The ALJ stated a proper legal basis for decreasing reliance on Dr. Borkowski's testimony—the lack of medical evidence supporting Dr. Borkowski's opinion and demonstrating that plaintiff is disabled. D.E. 11, Tr. 13); *Legget*, 67 F.3d at 566. However, the alleged lack of objective evidence is not enough to justify rejecting Dr. Borkowski's opinion. The ALJ considered no evidence from a treating or examining physician that contradicts Dr. Borkowski's assessment of the plaintiff's physical limitations. Furthermore, the ALJ did not acknowledge in his decision that Dr. Borkowski had expressed the opinion that plaintiff had a permanent spinal condition that rendered him unable to work. As such, the only way that the ALJ can reject Dr. Borkowski's

findings in accordance with proper legal standards is by performing a detailed analysis of Dr. Borkowski under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). The record indicates that the ALJ made no effort to fully evaluate Dr. Borkowski under the required criteria, and there is no evidence in the record that the ALJ sought clarification or additional evidence from Dr. Borkowski, as required by 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 455–456. Accordingly, this Court finds that the ALJ did not use the proper legal standards in evaluating Dr. Borkowski's findings.

In reviewing the ALJ's decision, the Magistrate Judge concluded that the ALJ acted properly in disregarding the opinion of Dr. Borkowski. (D.E. 23, p. 14). But the Magistrate Judge's Memorandum and Recommendation does not address the fact that the ALJ did not perform the detailed analysis of Dr. Borkowski's findings that is required under 20 C.F.R. § 404.1527(d)(2). Additionally, the Memorandum and Recommendation does not address the fact that the ALJ did not seek clarification or additional evidence when it determined that Dr. Borkowski's testimony was insufficient. 20 C.F.R. § 404.1527(d)(2). The Magistrate Judge considered the ALJ's analysis of Borkowski's opinions and found that "the ALJ articulated his reasons for rejecting Dr. Borkowski's opinions regarding Plantiff's ability to work." (D.E. 23, p. 14). But it is apparent from the record that the ALJ did not engage in the detailed analysis that the law requires.

The Magistrate Judge also identified various inconsistencies in the opinions provided by Dr. Borkowski. (D.E. 23, p. 14). There are potential contradictions in Dr. Borkowski's statements, and these facts may provide a basis for accepting the ALJ's decision. But the ALJ's decision does not identify these inconsistencies, and regardless, the presence of such inconsistencies does not discharge the ALJ from performing the detailed analysis of Dr. Borkowski's position required by 20 C.F.R. § 404.1527(d)(2). *Newton*, 209 F.3d at 456 (finding that ALJ must give deference to

inconsistent medical opinions unless detailed analysis of § 404.1527(d)(2) is performed). Thus, the Magistrate Judge's identification of inconsistencies in Dr. Borkwoski's opinions is an insufficient basis for upholding the ALJ's decision.

Reversal of the ALJ's decision for failing to seek clarification or additional evidence is appropriate only if it is apparent that the applicant was prejudiced. *Ripley*, 67 F.3d at 557; *Newton*, 209 F.3d at 458. Because the ALJ would have found plaintiff disabled had he given Dr. Borkowski's opinion controlling weight (D.E. 11, Tr. 120), plaintiff suffered the requisite prejudice. *Newton*, 209 F.3d at 458.

The ALJ improperly rejected the opinion of the plaintiff's treating physician by failing to consider it under 20 C.F.R. § 404.1527(d)(2), and by failing to seek clarification or additional evidence under 20 C.F.R. § 404.1512(e). The Court GRANTS Plaintiff's Motion for Summary Judgment (D.E. 13) and DENIES Defendant's Motion for Summary Judgment (D.E. 14), and REMANDS this case to the Administrative Law Judge for reconsideration consistent with 20 C.F.R. §§ 404.1512(e); 404.1527(d)(2). The Court expresses no opinion on the plaintiff's entitlement to disability or social security benefits.

ORDERED this \_\_\_\_12\_\_\_\_ day of \_\_\_\_Sept\_\_\_\_, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE